UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER M. THOMPSON,**

**Plaintiff,**

v.                                                             **Case No:  6:18-cv-249-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

_____

## MEMORANDUM OF DECISION

Christopher M. Thompson (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI). Doc. 1; R. 1-6, 185-96. Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing to properly weigh the medical opinion of Dr. Thu, and 2) failing to properly evaluate Claimant's subjective complaints. Doc. 21 at 11, 27. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

## I.      THE ALJ'S DECISION

Claimant filed an application for DIB in 2014 and an application for SSI in 2015. R. 185-96. Claimant alleged a disability onset date of March 27, 2013. R. 185, 189.

The ALJ issued his decision on May 3, 2017. R. 12-23. In the decision, the ALJ found that Claimant had the following severe impairments: asthma, recurrent deep vein thrombosis, hypertension, degenerative disc disease of the lumbar spine, hernia, pulmonary embolism, and

obesity. R. 14. The ALJ found that Claimant's impairments, or combination thereof, did not meet

or medically equal the severity of one of the listed impairments. R. 14-15. The ALJ found that

Claimant had a residual functional capacity (RFC) to perform sedentary work.[1] R. 16. Specifically,

the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), or work requiring lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and walking in combination up to two hours a day, and sitting 6 hours in an 8-hour workday. The claimant may shift position between sitting and standing as frequently as every half hour without loss of productivity. The claimant may never climb ladders, ropes, or scaffolds, and may occasionally climb ramps or stairs. The claimant may occasionally balance, stoop, kneel, crouch, and crawl. The claimant may not be exposed to hazards (e.g. dangerous machinery, unprotected heights). The claimant should avoid concentrated exposure to pulmonary irritants (e.g. fumes, odors, dusts, gases, poor ventilation), and to extreme cold weather or temperatures. The claimant may perform work in environments with no more than moderate noise.

R. 16. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent

with the foregoing RFC determination and the VE testified that Claimant was capable of

performing jobs in the national economy. R. 22, 53-56. The ALJ thus found that Claimant was

capable of performing jobs that existed in significant numbers in the national economy. R. 22.

Therefore, the ALJ found that Claimant was "not disabled." R. 22.

## II.    STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's

decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.    ANALYSIS

Claimant argues that the ALJ erred by assigning little weight to the opinion of Nurse Lu and by not considering the opinion of Dr. Thu. Doc. 21 at 14-18. Further, Claimant argues that the ALJ erred in determining that Claimant's own complaints were "not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id*. at 27. The Commissioner argues that the ALJ did not err by assigning little weight to the opinion of Nurse Lu and that the omission of Dr. Thu's opinion was harmless. *Id.* at 21-27. The Commissioner also argues that Claimant's testimony is inconsistent with the evidence of record. *Id*. at 30-33.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c).

"The opinion of a treating physician . . . 'must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis*, 125 F.3d at 1440). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241 (citing *Lewis*, 125 F.3d at 1440). "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.*

In February 2017, Nurse Lu and Dr. Thu each signed a Physical Restrictions Evaluation with respect to Claimant. R. 801-04. The ALJ considered the evaluation as follows:

> In addition, the undersigned has considered the *Medical Source Statement* completed on February 9, 2017 by Estrellita Lu, ARNP[2] in accordance with Social Security Ruling 06-03p (Exhibit B21F). Ms. Lu indicated that the claimant could not work 8 hours per day on a sustained basis, even when sitting only 90 minutes a day and standing and/or walking 30 minutes a day. Ms. Lu also opined that the claimant would need to lie down every one or two hours during the day; could never crouch, kneel or crawl; and could lift only 19 pounds. In addition, Ms. Lu opined that the claimant was limited to low stress work and was likely to miss work twice monthly.
>
> While the undersigned finds Ms. Lu to be a health care provider who is not an acceptable medical source, the undersigned also finds his assessments of the claimant to be inconsistent with reports that depict activities that showed greater capacity than expressed in her opinion.

---

[2] The "Medical Source Statement" is a Physical Restrictions Evaluation that was signed by Nurse Lu on February 9, 2017 and by Dr. Thu on February 10, 2017. R. 801-04. However, the ALJ did not acknowledge Dr. Thu in his decision.

This opinion is without support from the other evidence of record, which renders it less persuasive. Ms. Lu indicated that the claimant was limited to no more than low stress work. However, Ms. Lu performed no objective testing or offered a correlating diagnosis to support this limitation. Further, there is no indication in the claimant's treatment records that the claimant reported medication side-effects that may have resulted in this noted limitation. In fact, office notes from Ms. Lu dated July 5, 2016 indicated that the claimant reported no generalized pain, that he was not feeling tired or poorly and that he did not tire easily (Exhibit B19F/2).

Further, treatment records from Ms. Lu do not describe functional limitations that would support his recommended restrictions. While Dr. Ali[3] opined that the claimant could stand/walk 30 minutes in an 8-hour workday, such limitation is inconsistent with treatment records consistently documenting that the claimant's gait and stance were normal, and his physical examinations generally showed no more than trace edema in the right leg only (Exhibit 19F). For these reasons, the undersigned finds the opinion of Dr. Ali due to receive little weight.

R. 20.

Although Dr. Thu, Claimant's physician, signed the Physical Restrictions Evaluation, the ALJ attributed the medical opinion solely to Nurse Lu. R. 20, 804. The ALJ then discredited Nurse Lu's opinion because she was "not an acceptable medical source" and because her opinion was "without support from the other evidence of record." R.20. The ALJ did not address Dr. Thu's opinion. Claimant argues, in part, that the ALJ erred because he "never acknowledged Dr. Thu's opinion" and, thus, failed to correctly weigh the evidence. Doc. 21 at 12-13. The Commissioner argues that, even if the ALJ erred by not considering Dr. Thu's opinion, the error was harmless because good cause existed that was sufficient to discount the opinion. Doc. 21 at 22. As stated in the following paragraphs, the undersigned agrees that the ALJ erred by not correctly weighing the opinion of Dr. Thu and clearly articulating his reasons for giving it less than controlling weight.

---

[3] While giving his reasons for discounting the opinion of Nurse Lu, the ALJ refers to Dr. Ali and his opinion. However, the ALJ does not cite any evidence showing an opinion from Dr. Ali. Further, the undersigned is unable to locate any evidence of treatment or opinion of Dr. Ali.

An ALJ's failure to mention a claimant's treating physician and the weight given to the treating physician's opinion constitutes grounds for reversal. *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982). The ALJ "must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440; *see also Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 834 (11th Cir. 2011) ("Without an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.") (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)); *McCloud v. Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006) (stating that although the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion," the ALJ is "required, however, to state with particularity the weight he gives to different medical opinions and the reasons why") (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

The record demonstrates that Dr. Thu had an ongoing treatment relationship with Claimant. From July 20, 2016 through February 6, 2017, Dr. Thu approved Claimant's treatment records from numerous separate visits. R. 763, 768, 770, 777, 788, 794, 800. Further, each set of treatment records, which are signed by Nurse Lu and Dr. Thu, state that "Dr. Thu is actively involved in the care of this patient and has reviewed the Plan of Care." R. 762, 768, 770, 776, 782, 787, 793, 799. Thus, the undersigned considers Dr. Thu to be Claimant's own physician who provided him with medical treatment and evaluation during that period. *See Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 591 n.3 (11th Cir. 2014) ("A 'treating source' . . . is a claimant's 'own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with

you.'") (quoting 20 C.F.R. § 404.1502). As a result, the undersigned considers the signed Physical Restrictions Evaluation to be the medical opinion of Claimant's treating physician.

The Court finds that the ALJ, in rendering his decision, failed to mention and properly weigh Dr. Thu's opinion. Indeed, the Commissioner concedes that "the ALJ did . . . mistakenly identif[y] the opinion as being that of only Nurse Lu," but argues that the ALJ must have considered Dr. Thu's opinion because it was the same as Nurse Lu's. Doc. 21 at 22. The Court agrees that the ALJ was mistaken but disagrees with the Commissioner's argument. If the ALJ had correctly identified the Physical Restrictions Evaluation as the opinion of Dr. Thu, that opinion would have been accorded controlling weight, absent good cause supported by substantial evidence. But because the ALJ did not attribute the opinion to Dr. Thu, and because a different standard applies to the opinion of a treating physician, the Court cannot say that the ALJ considered Dr. Thu's opinion. It is unclear what impact this treating physician opinion would have had on the ALJ's analysis and the undersigned is unable to determine whether the ALJ applied the proper legal standard. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004) ("A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.").

The Commissioner also argues that "the ALJ's oversight in not noting that the opinion was signed by both Nurse Lu and Dr. Thu is harmless . . . ." Doc. 21 at 22. The undersigned disagrees. First, the Physical Restrictions Evaluation signed by Nurse Lu and Dr. Thu contradicts the limitations identified by the ALJ. With respect to Claimant, the limitations identified by the evaluation included: sitting for only 15-30 minutes without interruption; standing or walking for 20-30 minutes without interruption; sitting for no more than 90 minutes in an 8-hour day; standing

and walking for no more than 30 minutes in an 8-hour day; and lying down and reclining for 6 hours in an 8-hour day. R. 801. The undersigned finds these limitations to be much more restrictive than the limitations identified by the ALJ in his decision. Thus, had the ALJ properly weighed Dr. Thu's opinion, he may have found Claimant to have a more restrictive RFC than was set forth in the ALJ's decision.

Second, to the extent the Commissioner argues that the error was harmless because good cause, supported by substantial evidence, existed, the undersigned disagrees. *See Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006) ("[W]e cannot say that the failure to address [the treating physician's] opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ."). The ALJ failed to consider the critical factor that the Physical Restrictions Evaluation represented the opinion of a treating physician. And to the extent that the Commissioner argues that the Court should accept the reasons the ALJ provided for discounting Nurse Lu's opinion, the Court notes that it does not know how the ALJ would have weighed the evidence with regard to a treating physician. The Court will not re-weigh the evidence and substitute its judgment for that of the ALJ in determining whether the evidence cited by the ALJ in discounting the opinion of Nurse Lu provides good cause to discount the opinion of treating physician Thu. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006) ("[W]e cannot say that the failure to address [the treating physician's] opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ."); *see also Flentroy-Tennant v. Astrue*, 2008 WL 876961, *8 (M.D. Fla. Mar. 27, 2008) ("An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion."); *Krueger v. Astrue*, 2008 WL 596780, *10 (M.D. Fla. Feb. 29, 2008); *Garvey v. Astrue*, 2007 WL 4403525, *7 (N.D.

Fla. 2007) ("In this circuit, especially, the ALJ must point to substantial evidence in the record to discount the opinion of a treating physician, whether retrospective, contemporary, or prospective.").

Even if the undersigned did not consider Dr. Thu a treating physician, the undersigned must find that the ALJ erred by not considering his opinion as one from an acceptable medical source. Because Dr. Thu is a licensed physician, he is an acceptable medical source. 20 C.F.R. § 404.1502(a)(1) ("*Acceptable medical source* means a medical source who is a Licensed physician (medical or osteopathic) . . . ."). "Making a distinction between 'acceptable medical sources' and medical sources who are not 'acceptable medical sources' facilitates the application of our rules on establishing the existence of an impairment, evaluating medical opinions, and who can be considered a treating source." SSR 06-03p. The ALJ incorrectly considered Dr. Thu's opinion as one that is not from an acceptable medical source. Again, it is unclear to the undersigned whether the correct application of the rules to the opinion from an acceptable medical source would have affected the ALJ's final determination without re-weighing the evidence and substituting the Court's judgment for that of the ALJ. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) ("It is clear from our decision in *Winschel* that the explanation requirement applies equally to the opinions of treating physicians and non-treating physicians.") (citing *Winschel v. Comm'r of Soc. Sec.*, F.3d 1176 (11th Cir. 2011)). Thus, the decision of the ALJ must be reversed because it is not based on proper legal standards.

Accordingly, because the Court cannot find that the ALJ properly weighed the opinion of Dr. Thu, Claimant's argument is well-taken. This issue is dispositive and, therefore, there is no need to address Claimant's remaining arguments. See *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*,

625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## IV.    CONCLUSION

Accordingly, upon due consideration, it is **ORDERED** that:

1.     The final decision of the Commissioner is **REVERSED** and **REMANDED** for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2.     The Clerk is directed to enter judgment for Claimant and against the

Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Edward E. Evans
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3207 N Cypress St
Wichita, KS 67226-4005